# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1891

_____

FLORIDA DEPARTMENT OF
REVENUE and FLORIDA
DEPARTMENT OF FINANCIAL
SERVICES,

    Appellants,

    v.

BRENDA FORMAN, in her official
capacity as the Clerk of the
Circuit Court of the Seventeenth
Judicial Circuit and the Clerk of
the Court of Broward County,
Florida,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Karen Gievers, Judge.

May 16, 2019

PER CURIAM.

    The Department of Revenue and the Department of Financial Services appeal an order finding that several statutory provisions related to court filing fees are unconstitutional as applied because they rendered the office of the Clerk of the Circuit Court of the Seventeenth Judicial Circuit and the Clerk of

Court of Broward County unconstitutionally underfunded. We find the Clerk failed to prove that her office is unconstitutionally underfunded. Thus, we reverse.

Brenda Forman, in her official capacity as the Clerk of the Circuit Court for the Seventeenth Judicial Circuit and the Clerk of Court of Broward County, Florida, filed a complaint against the Florida Department of Revenue and the Florida Department of Financial Services. She alleged that the Clerk's office was insufficiently funded, which was attributable to several statutory provisions that require county and circuit court clerks to remit portions of the funds they collect through filing fees, services charges, and costs ("fees") to the Department of Revenue and the Department of Financial Services to be used for other purposes. *See* §§ 28.2401(1), 28.241(1)(a)1.a., 28.241(1)(a)1.b., 28.241(1)(a)2., 28.241(1)(c)1., 28.241(1)(c)2., 34.041(1), 34.041(1)(c), & 44.108(1), Fla. Stat.

The Clerk alleged this redistribution of funds violated article V, section 14(b) of the Florida Constitution, which requires that "[a]ll funding for the offices of the clerks of the circuit and county courts performing court related functions, except as otherwise provided . . . shall be provided by adequate and appropriate filing fees . . . and service charges and costs . . . ."

The Clerk clarified she was not arguing that the statutes were facially unconstitutional, nor was she challenging the Legislature's authority to divert portions of filing fees for other purposes. Instead, she argued those statutes were unconstitutional as applied to her office because the diversion of fees resulted in her office being so underfunded that it was unable to perform its constitutional duties.

During an evidentiary hearing, the Clerk presented evidence that her office had not been in total compliance with statewide performance measures that set timeframes in which filings should be processed. The Clerk attributed this failure to meet performance measures to a lack of sufficient funding. The Clerk's Chief Financial Officer testified that even one instance of failing to meet a performance measure was constitutionally unacceptable.

2

The trial court found the filing fee statutes were unconstitutional as applied because they rendered the Clerk's office unconstitutionally underfunded, agreeing that even one instance of failing to meet a performance measure was indicative of unconstitutional operations.

However, we find the Clerk failed to prove her office was unconstitutionally underfunded because she failed to put forth any evidence that the alleged lack of funding impacted her ability to meet her constitutional duties or impacted litigants' constitutional rights. The supreme court has distinguished between operational underfunding versus constitutional underfunding, explaining "while this Court has stated that Florida's court system is operationally underfunded, *see e.g., In re Certification of Need for Additional Judges*, 29 So. 3d 1110 (Fla. 2010), we have not determined that the judiciary is underfunded to the point of it being a violation of the constitution." *Crist v. Ervin,* 56 So. 3d 745, 752 (Fla. 2010), *as revised on reh'g* (Jan. 20, 2011) (finding filing fee statutes were not an unconstitutional tax, and there was no competent, substantial evidence to prove the judiciary in Florida was constitutionally underfunded).

The statewide performance measures for court clerks are not an appropriate tool to measure whether the Clerk is unconstitutionally underfunded. These standards, which were promulgated by the Clerks of Court Operations Corporation as directed by statute, are not constitutional requirements. *See* § 28.35(2)(d), Fla. Stat.; *see also Citizens for Strong Sch., Inc. v. Fla. State Bd. of Educ.*, 262 So. 3d 127, 141-42 (Fla. 2019) (finding legislative standards for education were not "constitutional requirements").

At most, the Clerk proved her office was operationally underfunded. However, she failed to present any evidence that she was unconstitutionally underfunded. Performance standards are not constitutional requirements. Thus, the trial court erred in finding that the filing fee statutes violated article V, section 14(b) of the Florida Constitution. To the extent the trial court suggested the entire statutory structure for funding county and circuit courts was unconstitutional, we find that issue was not

3

raised by the Clerk and was not proven by the evidence. Thus, we REVERSE.

WOLF, OSTERHAUS, and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Ashley Moody, Attorney General, Amit Agarwal, Solicitor General, Edward M. Wenger, Chief Deputy Solicitor General, and Daniel W. Bell, Deputy Solicitor General, Tallahassee, for Appellants.

Mark Herron and Albert T. Gimbel of Messer Caparello, P.A., Tallahassee; and Melanie R. Leitman of Coppins Monroe, P.A., Tallahassee, for Appellee.